UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** **formerly known as SUPER 8 MOTELS, INC., a South Dakota Corporation,** | Civ. No. 16-204 (KM) (MAH) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **ASHKA, L.L.C., a Wisconsin Limited Liability Ompany; KIRAN PATEL, an individual; and KINNARI PATEL, an individual,** | |
| Defendants. | |

## MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of Plaintiff Super 8 Worldwide, Inc. ("Super 8") for default judgment against Defendants Ashka, L.L.C., Kiran Patel, and Kinnari Patel. For the reasons set forth below, I will grant the motion and enter default judgment against the defendants in the amount of $297,235.77.

## BACKGROUND

In October 2000, Super 8 entered into a Franchise Agreement with Ashka for the operation of a 40-room lodging facility in Fort Atkinson, Wisconsin. ("FA", ECF no. 11-3 at 9) Section 7 and Schedule C of the Franchise Agreement, which had a term of twenty years, obligated Ashka to make certain periodic payments ("Recurring Fees") of royalties, system assessments, taxes, and other charges. Section 7.3 imposed interest at the lesser of 1.5% or the maximum allowed by law, on past due amounts. Section 3.8 required accurate recordkeeping and monthly reports to Super 8 of, *inter alia,* gross room revenue

1

to permit the calculation of the Recurring Fees. Section 11.2 permitted Super 8 to terminate the agreement, on notice, based on failure to pay amounts due; failure to remedy defaults under the agreement within 30 days of receiving notice; or receipt of two or more notices of default in a one year period, even if cured. Section 12.1 provides that, in the event of termination, Ashka would pay liquidated damages of $2000 per guest room. Kiran Patel and Kinnari Patel signed a Guaranty of Ahka's obligations under the Franchise Agreement. ("Guaranty", ECF no. 11-3 at 43)

By a series of five letters, Super 8 advised Ashka that it was in breach of their agreement because it had failed to pay Recurring Fees. The last letter, dated March 31, 2010, advised Ashka that the overdue balance was $73,890.68. The default was not cured. By letter dated June 24, 2010, Super 8 terminated the Franchise Agreement and advised Ashka that it was liable for outstanding Recurring Fees, as well as liquidated damages for premature termination.

Super 8 has submitted an itemized statement calculating the outstanding total of Recurring Fees, plus interest at the rate of 1.5% per month. The total is $135,653.17. The liquidated damages consist of $2000 multiplied by the 40 guest rooms, for a total of $80,000. The liquidated damages represent lost Recurring Fees as a result of the termination. The post-termination interest on the liquidated damages is calculated at $81,582.60. Super 8 thus seeks a default judgment in the total amount of $297,235.77.

**DISCUSSION**

Before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63). "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's

2

well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

## I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e), Fed. R. Civ. P. 4(h)(1), N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is

3

subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.
N.J. Ct. R. 4:4-4(b)(3).

Super 8 has submitted a Certification of Service, with relevant exhibits attached. (ECF no. 11-2) Ashka, L.L.C. and Kinnari Patel were duly served on January 26, 2016. Despite diligent efforts, Kiran Patel could not be located; on April 20, 2016, Super 8 served Kiran Patel by certified and regular mail.

Defendants had twenty-one days to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). No response was forthcoming. On May 11, 2016, the clerk entered default. Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

My independent review of the record does not suggest that the claims asserted by Super 8 that any defendant has a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Super 8 has successfully stated claims for relief.

The complaint (ECF no. 1) alleges the facts as set forth above, and attaches copies of the Franchise Agreement and Guaranty. It asserts causes of action, which, in essence, amount to a claim for breach of contract against

4

Ashka, and dependent claims of breach of the Guaranty against Kiran Patel and Kinnari Patel.

Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint, summarized very briefly above, establish that those elements are satisfied here. The declaration submitted in support of Super 8's motion and the exhibits annexed thereto corroborate those factual allegations. Both the Franchise Agreement and Guaranty are on their face valid and enforceable contracts. Those contracts were breached by Ashka's failure to pay Recurring Fees and damages, and the the failure of the Patels as Guarantors to personally pay the same. Super 8 has accrued damages as a result of these breaches. In sum, the facts alleged by Super 8 state a claim for breach of the Franchise Agreement and Guaranty. No meritorious defense to these claims is apparent from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. Defendants were properly served but have failed to appear and defend themselves in any manner. It is clear that Super 8 has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023

5

at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment, and I will grant the motion for default judgment against the defendants.

### III. Remedies

Super 8 seeks outstanding Recurring Fees, liquidated damages, and interest. Super 8 has submitted documentary evidence in support of its demands, while defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant Super 8's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Cert. ¶ 23) Super 8 has documented the recurring fees, and interest calculated at 1.5% monthly, in an amount of $135,653.17.

I will also grant Super 8's request for liquidated damages the amount of $80,000.

> Damages for breach of either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

*Restatement (Second) of Contracts* § 356(1) (1981) (quoted in *Wasserman*, 645 A.2d at 108.) The Court may examine the reasonableness of a liquidated damages clause "either at the time of contract formation or at the time of the breach." *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123, 1128 (N.J. Super. Ct. App. Div. 1998) (quoting *Wasserman's Inc.*, 645 A.2d at 107). Whether an unambiguous liquidated damages clause is valid and enforceable

is a question of law for the court. *Naporano*, 706 A.2d at 1127 (citing *Wasserman's*, 645 A.2d at 110). See also *Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc.*, No. CIV. 03-799 (WHW), 2005 WL 2656676, at *10 (D.N.J. Oct. 18, 2005).

Liquidated damages, provided for under the terms of the Franchise Agreement, are meant to replace the income that Super 8 would have received if not for the premature termination of the License Agreement. I accept that such damages cannot be known with precision, and must be estimated. The parties agreed to a figure of $2,000 per guest room at the time of termination. (FA § 18.2) Forty rooms yields a liquidated damages figure of $80,000. Super 8 entered into the agreement for a twenty year term, but was forced to terminate it after less than ten years. The figure of $80,000 does not strike me as excessive or disproportionate. Finally, Super 8 seeks post-termination interest on the liquidated damages in the amount of $81,582.60. That reflects the rate provided for in the contract.

## ORDER

For the foregoing reasons,

IT IS this 6th day of October, 2016

ORDERED that the motion for default judgment (ECF no. 11) is GRANTED. A separate default judgment will be entered against defendants, jointly and severally, in the total amount of $297,235.77. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

*/s/ Kevin McNulty*
**KEVIN MCNULTY, U.S.D.J.**